UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MAGADALENO MEDINA,

      Petitioner,

v.                          Case No:  5:10-cv-530-Oc-38PRL

WARDEN, FCC COLEMAN - USP I,

      Respondent.

_____/

## OPINION AND ORDER[1]

### I.

Petitioner Magadeleno Medina initiated this action proceeding *pro se* on October 12, 2010, as a federal prisoner incarcerated in the Federal Bureau of Prisons ("BOP"), by filing a Petition for Writ of Habeas Corpus on the "§2241 Habeas Corpus Petition Form" (Doc. #1, Petition).   Petitioner challenges his "prolonged administrative segregation" at FCC Coleman.  Petition at 2.  Specifically, Petitioner raises the following four grounds challenging his confinement in administrative segregation: (1) The conditions of confinement in administrative segregation are harsh compared to ordinary prison life; (2) the BOP and the Warden fail to follow the Code of Federal Regulations: (3) no penological reason exists for keeping Petitioner in special housing for over three

---

[1] Disclaimer:   Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.   By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

years; and, (4) Petitioner's housing in administrative confinement for over 37 months violates his right to Equal Protection.  See generally Petition.  As relief, Petitioner seeks release from his special housing assignment, or a reduction in the level of restraint.  Id. at 6. Petitioner also requests that the Court direct the Warden and the BOP to follow the Code of Federal Regulations and the Program Statement.  Id.

Respondent, the Warden of FCC Coleman, filed a Response to the Petition (Doc. #9, Response) on February 16, 2011, incorporating therein a motion to dismiss the Petition as moot due to Petitioner's change of custody from the BOP to the Department of Corrections in Mississippi.   Respondent filed exhibits supporting his Response consisting of:  the SENTRY printout, public information inmate data (Exh. 1); and, a declaration and certification of records from Romul Armendariz attesting that Petitioner is now in the custody of a State facility located in Mississippi (Exh. 2).  Petitioner filed a Reply (Doc. #11, Reply) in opposition.  This matter is ripe for review.

## II.

Petitioner is in custody serving a 480-month sentence imposed by the United States District Court for the Western District of Texas following his conviction of Conspiracy to Violate the RICO Statutes, in violation of 18 U.S.C. § 1962.  Exh. 1. Petitioner's current release date is March 14, 2038.  Id.

Petitioner initiated this action challenging his detention in administrative confinement and seeks release from administrative confinement, or a change in the number of restrictions affecting his confinement.  See Petition.  Respondent submits that Petitioner first entered a special housing unit on October 16, 2006, following his violations of BOP disciplinary codes.  Exh. 2, ¶ 3.  On September 14, 2007, Petitioner

went to BOP staff and requested placement in the special housing unit under protective custody due to a dispute with other inmates.  Id. at ¶ 4.  BOP staff verified that there was a threat to Petitioner and that his continued placement in the general population would jeopardize his safety. Id.  Due to the nature of the threat against Petitioner, no BOP facility would be safe for Petitioner in general population.  Id. at ¶ 5.  Accordingly, the BOP sought placement for Petitioner in a State facility.  Id.  On November 29, 2010, the Mississippi Department of Corrections agreed to house Petitioner.  Id.  Petitioner was transferred from FCC Coleman to the Mississippi Department of Corrections on December 14, 2010.  Response at 3, n. 2.

### III.

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. Const. art. III; Coral Springs St. Sys., Inc. v. City of Sunrise, 371 F.3d 1320, 1327 (11th Cir. 2004).  Mootness can occur due to a change in circumstances or a change in law.  Id. at 1328.  A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party.  Troiano v. Supervisor of Elections in Palm Beach County, Fla., 382 F.3d 1276, 1282 (11th Cir. 2004) (citing Al Najjar v. Ashcroft, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). Dismissal is not discretionary but "is required because mootness is jurisdictional.  Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." Id.  A very narrow exception to the mootness doctrine exists for those cases that are "capable of repetition yet evading review."  De La Teja v. United States, 321 F.3d 1357, 1363, n.3

(11th Cir. 2003).  Two conditions must be met to invoke this doctrine: 1) the challenged action must be of a short duration to be fully litigated; and 2) there exists a reasonable expectation that the same complaining party would be subjected to the same action again.  Christian Coalition of Ala. v. Cole, 355 F.3d 1288, 1293 (11th Cir. 2004) (emphasis added).

### A.  The Petition is Moot

The Court agrees with Respondent that the instant Petition seeking release from administrative confinement, or lesser restrictions while housed in confinement, is moot due to Petitioner's transfer from the BOP to the Mississippi Department of Corrections.  Further, it is unlikely that Petitioner will be transferred back for incarceration in the BOP due to the fact that there are no federal facilities that are safe for Petitioner due to the threats against him.  Petitioner asserts in his Reply that the action is not moot because he is still being denied certain privileges that general population inmates receive in the Mississippi Department of Corrections.  This action is not filed against the Mississippi Department of Corrections, however.  Thus, if Petitioner wishes to challenge his administrative segregation within the Mississippi Department of Corrections, he must file a new action against the appropriate officials in Mississippi in the proper court in Mississippi.

### B.  The Court will not construe the Petition as a Bivens[2] action

Given the requirement that the Court liberally construe *pro se* pleadings, the Court has considered whether it should construe the instant action as a Bivens action.  Considering that the relief Petitioner seeks is release from special housing or a change

_____

[2] Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

in the housing restrictions he is subjected to, the Court finds Petitioner properly initiated this action by filing a habeas corpus petition.  See Ellis v. Bureau of Prisons, U.S.P. Atlanta, 239 F. App'x 466, 467 (11th Cir. 2007) (unpublished) (noting in dicta that the district court properly construed § 2241 petition as a Bivens action when the petitioner sought monetary damages as relief).  Additionally, Petitioner's grounds for relief in the Petition are premised upon the restrictions and limited privileges he experienced while housed in administrative confinement compared to the fewer restrictions placed upon those federal inmates housed in the general population.  See McCarty v. Pitzer, 114 F.3d 1191 at *3 (7th Cir. 1997) (summarizing that "if the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation-then habeas corpus is his remedy.  But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law, even if, as will usually be the case, the program or location or environment that he is challenging is more restrictive than the alternative that he seeks.").

Further, even if the Court could construe the grounds for relief in the Petition as raising conditions of confinement claims, the Court notes that Petitioner had previously filed a Bivens action concerning the conditions of his confinement in administrative segregation, which was dismissed for failure to exhaust his administrative remedies. See Case No. 5:10-cv-458-WTH-DAB (M.D. Fla. 2010), Doc. #1 (motion for preliminary injunction); Doc. #6 (order dismissing case).  Thus, if Petitioner's intent was to file a

<u>Bivens</u> action concerning the conditions of his confinement, as opposed to seeking release from the confinement as raised in the instant Petition, he knew what was required before he initiated the instant action.[3]

ACCORDINGLY, it is hereby

**ORDERED:**

1.   Respondent's motion to dismiss as moot (Doc. #9) is **GRANTED**.   The Petition is **DISMISSED** as moot.

2.   The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**CERTIFICATE OF APPEALABILITY AND
LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED[4]**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability.   A prisoner seeking to appeal a district court's final order denying his petition writ of habeas has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 183 (2009).   "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district

---

[3] If Petitioner wishes to raise any conditions of confinement claims under <u>Bivens</u>, he must do so by filing a new action before the statute of limitations expires, which is four years and accrues when he knows or has reason to know of his injury and who has inflicted it. <u>Erik v. Border Patrol of Florida State</u>, 154 F. App'x 193, 194 (11th Cir. 2005).

[4] Because a § 2241 challenging prison disciplinary proceedings requires a certificate of appealabilty, in the abundance of caution, the Court addresses the certificate of appealabilty herein.   <u>Medberry v. Crosby</u>, 351 F.3d 1049, 1063 (11th Cir. 2003); <u>Hiteshaw v. Butterfield</u>, 262 F. App'x 162, 163 (11th Cir. 2008).

court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 30th day of January, 2014.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: alr
Copies: All Parties of Record

- 7 -